## JESS COWLEY v. STATE.

No. A-3299—Opinion Filed June 22, 1920.

Rehearing Denied Jan. 15, 1921.

(194 Pac. 284.)

(Syllabus.)

1.  **INDICTMENT AND INFORMATION — Variance From Complaint.** When it appears that the charge in the complaint before the committing magistrate is substantially the same as that charged in the information, a motion to quash on the ground that the offense charged in the information differs from that charged in the complaint upon which the defendant was held to answer was unavailing and was properly overruled.

2.  **EVIDENCE—Carbon Copy of Transcript of Testimony at Preliminary Examination.** Where proper predicate is laid, the testimony of a witness given at the preliminary examination may be read to the jury at the trial, and it is immaterial whether such testimony is read from a carbon copy of the original transcript of the stenographer's shorthand notes, provided it is satisfactorily established to be a true, full, and correct transcription of the testimony of the witness at the preliminary examination.

3.  **TRIAL—Argument for Prosecution.** For argument of counsel held not to be prejudicially erroneous, in view of defendant's admissions on cross-examination, and also the admonitions of trial court to the jury, see body of opinion.

*Appeal from District Court, McCurtain County;*

*C. E. Dudley, Judge.*

Jess Cowley was convicted of larceny of live stock and sentenced to serve a term of seven years' imprisonment in the state penitentiary, and he appeals. Affirmed.

*Ledbetter, Stuart & Bell, T. J. Barnes,* and *Ledbetter v. Hudson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of McCurtain county, wherein Jess Cowley was convicted of larceny of live stock and sentenced to serve seven years' imprisonment in the state penitentiary. The evidence on the part of the state establishes the larceny of a brown mare and colt from one Sam Gafford by the defendant and one Brawley, on or about the 15th of May, 1916; the animals being taken across Red river into Texas and there disposed of. The defendant admitted taking the animals across from McCurtain county into Texas, but claimed that he had been hired to do so by one Jim Pope, who, the defendant testified, had the animals corralled at Hayworth, Okla., and paid the defendant $5 for taking them from McCurtain county some 19 or 20 miles across the river into Texas. All the essential elements of the crime were established by the testimony of the state's witnesses, and, while the evidence is conflicting, there is ample evidence in the record to support the conviction.

It is first contended that the trial court erred in overruling the motion of the defendant to quash the amended information. The information, as originally filed in the district court, charged the defendant with the larceny of "a certain brown mare colt." As amended, the information charged the defendant with the larceny of "a certain brown mare and colt." The date of the alleged larceny and the ownership of the property were identical in each the original and the amended informations, the only difference being in the description of the property alleged to have been stolen. It is contended that the ac-

tion of the court was erroneous, in that a different offense was alleged in the amended information, upon which the defendant had no preliminary examination.

It appears from the record that the amendment to the information was made at a term of court preceding the term at which the cause was tried, and that the defendant was granted a continuance on account of the amendment because of surprise. At the term of court in September, 1917, when this cause was again called for trial, counsel for the defendant interposed an objection to going to trial upon the amended information, for the reason that the information had been materially changed in such a manner as to prejudice defendant's rights, and that defendant was thereby taken by surprise and was unprepared to meet the issues of the amended information. The trial court overruled the motion, with the following comment:

"This motion is overruled, for the reason that the amendment as made to the information was by inserting the word 'and,' so as to describe the property charged to have been stolen as 'one brown mare and colt,' being the description of the property as set forth in the original complaint, upon which defendant had a preliminary examination, and which amendment was made in open court on the 8th day of December, 1916, and the cause at that time was continued by reason of defendant claiming surprise."

It is apparent from the comment of the trial judge that there is no merit in the contention that the court erred in overruling the motion to quash the amended information, as the amended information described the property in the identical language with the original complaint upon which the preliminary examination was held,

and the amendment was made for the purpose of charg-ing the larceny in the identical language employed in the original complaint. The trial court was very generous in granting a continuance of the cause in the first in-stance, in view of the fact that the amendment did not charge any different offense from that charged in the original complaint. In *Agent v. State*, No. A-3358, 18 Okla. Cr. 281, 194 Pac. 233, it is held:

"When it appears that the charge in the complaint before the committing magistrate is substantially the same as that charged in the information, a motion to quash on the ground that the offense charged in the in-formation differs from that charged in the complaint up-on which the defendant was held to answer was unavail-ing and was properly overruled."

See, also, additional authorities cited in the forego-ing opinion:

The decision of this court in the case of *Agent v. State, supra,* is conclusive of the contentions urged in the first assignment of error.

It is also contended that the trial court erred in permitting the testimony of one Jim Jones, as contained in a carbon copy of the original copy of the testimony of such witness as taken at the examining trial, to be read to the jury. There was sufficient evidence intro-duced as a predicate for the admission of the original, and it is only contended that the admission of this evi-dence was erroneous because it was contained in a carbon copy.

The stenographer who took down in shorthand the testimony of the witnesses at the preliminary examina-tion was called, and testified that he had correctly tran-

scribed his shorthand notes of the witness Jones' testi-
mony, and had made a typewritten original and two car-
bon copies thereof; the typewritten original having been
filed with the court clerk. There is also evidence to the
effect that the original copy filed with the court clerk
could not be found, and after the stenographer had identi-
fied the carbon copy as a true, correct, and full tran-
scription of the evidence given by Jim Jones at the pre-
liminary examination, the court permitted such evidence
to be read to the jury. Under the showing made, this
was not error. *Warren v. State,* 6 Okla. Cr. 1, 115 Pac.
812, 34 L. R. A. (N. S.) 1121; *Wadsworth v. State,* 9
Okla. Cr. 84, 130 Pac. 808.

Next it is contended that the trial court erred in
not granting the defendant a new trial because of alleged
misconduct of the county attorney in his closing argument
to the jury in stating to the jury as follows:

"Jim Pope had proved at his trial, wherein he was
charged with the larceny of the horses in controversy,
that he (Jim Pope) bought them from the defendant,
Jess Cowley."

The record upon this subject is as follows, quoting
from the argument of the county attorney:

"When the stock was found, gentlemen of the jury,
after this old man had located them in Texas and war-
rants were issued, as the defendant says, for himself
and Jim Pope, did he ever go back to Texas? Jim Pope
proved that he bought them from the defendant here,
and now Jess Cowley is trying to do the same thing here.

"By Mr. Barnes: The defendant excepts to the argu-
ment of the county attorney that Jim Pope proved that
he bought this stock of the defendant, on the ground that
the same is prejudicial to the rights of the defendant."

Whereupon the county attorney continued his argument without any ruling by the trial court. At the conclusion of the county attorney's argument, the court gave the jury the following admonition:·

"Gentlemen of the jury, should a controversy come up over the testimony Mr. Barrett says was in the record, you will take the testimony as you remember it, and not as stated by the attorney."

Whereupon Mr. Barnes, of counsel for the defendant, made the following request:

"The defendant asks the court to instruct the jury to disregard that part of the county attorney's argument in which he says it has been proved that Jim Pope had proved that he bought the horses in controversy from the defendant, Jess Cowley.

"By the Court: Which request is refused, and the jury are instructed to disregard any statement made by the attorneys as to what the testimony was which in their opinion was not testified to in the case."

On cross-examination, the defendant testified in part as follows:

"Q. Jim Jones, I mean Jim Pope, was arrested for having this stuff over there, wasn't he? A. I heard he was.

"Q. As a matter of fact you know there was a warrant issued for Jim Pope and you both for stealing this stuff? A. I have heard it.

"Q. And you didn't ever go over there as a witness for Jim Pope? A. No: sir.

"Q. And I will ask you if it isn't a fact that Pope proved over there that he bought this stuff from you and he was discharged? A. I guess he did.

"Q. Isn't it a fact that Pope is now in the penitentiary for stealing horses? A. For stealing cows.

"Q. You know Jim Pope and the reputation he had? A. Yes; I knew him."

In view of the defendant's foregoing admission and the action of the trial court in admonishing the jury to disregard any argument not based upon the evidence, we find nothing in this assignment of error sufficiently prejudicial to authorize a reversal of the judgment. The instructions of the trial court fully and fairly cover the law of the case, and give the defendant the full benefit of the defense interposed by him.

We have carefully considered every alleged error assigned as ground for reversal of this judgment, and the conclusion is reached that the defendant had a fair and impartial trial, that the evidence is clearly sufficient to support the verdict, and that the judgment should be affirmed. It is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.